# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | **JUDGE RICHARD L. SPEER** |
| Martin A. and Laura L. Wcislak ) | |
| ) | Case No. 11-3010 |
| Debtor(s) ) | |
| ) | (Related Case: 08-35944) |
| Martin A. Wcislak ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| The Northern Ohio Investment Company ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

  This cause comes before the Court after a Hearing on the Court's Order to Show Cause for Dismissal. The Show Cause Hearing was set by the Court to address a single issue: whether the Plaintiff was eligible to file this complaint since his underlying Chapter 13 Case had been Dismissed. At the conclusion of the Hearing, the Court took the matter under advisement so as to afford the opportunity to further consider the matter. The Court has now had this opportunity, and for the reasons explained, finds that the Plaintiff is not eligible to maintain this proceeding, and thus his complaint will be Dismissed.

Martin A. Wcislak v. The Northern Ohio Investment Company
Case No. 11-3010

## BACKGROUND

On October 31, 2008, the Plaintiff, Martin Wcislak, and his wife, Laura Wcislak, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. During the progression of their Chapter 13 case, the Standing Chapter 13 Trustee filed a Motion to Dismiss their case. The Trustee's Motion to Dismiss was based, *inter alia*, on the Debtors' inability to formulate a confirmable plan, delinquencies on payments as proposed under their plan, failing to disclose and then retaining a tax refund, and a failure to make contractually due mortgage payments to the Defendant, the Northern Ohio Investment Company.

On August 25, 2010, the Trustee's Motion to Dismiss was granted by the Court. At the Hearing held on this matter, neither of the Debtors appeared. In the Order dismissing the Debtors' case, the Court, pursuant to 11 U.S.C. § 109(g), enjoined the Debtors from again seeking bankruptcy relief for a period of 180 days.

On January 11, 2011, after their case had been dismissed, the Plaintiff commenced an adversary proceeding in this Court, alleging a violation of the automatic stay by the Defendant. After commencing this proceeding, the Court, based upon the lack of an underlying bankruptcy case, issued its Order to Show Cause for Dismissal.

## DISCUSSION

Alleging the Defendant violated the automatic stay of 11 U.S.C. § 362(a), the Plaintiff filed this adversary proceeding seeking actual and punitive damages pursuant to § 362(k). The complaint commencing this adversary proceeding was filed after the Plaintiff's bankruptcy case had been dismissed.

Page 2

Martin A. Wcislak v. The Northern Ohio Investment Company
Case No. 11-3010

The effect of a case being dismissed is governed by § 349. Under this provision, the estate is dissolved, with those entities having a prepetition interest in estate property revested of that interest. 11 U.S.C. § 349(b). The prepetition rights of creditors against the debtor are also restored. *Id.* In short, § 349 seeks, "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." *In re Plata*, 958 F.2d 918, 923 (9th Cir. 1992), *citing* S.Rep. No. 989, 95th Cong., 2nd Sess. 49 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5835; *Webb Mtn, LLC v. Executive Realty Partnership, L.P. (In re Webb Mtn, LLC)*, 420 B.R. 418, 429 (Bankr. E.D.Tenn. 2009).

Based upon the operation of § 349, it is generally recognized that when a case is dismissed, the bankruptcy court no longer retains jurisdiction over matters related to the debtor's bankruptcy case. This is because often "a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case." *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162 (2nd Cir. 1995). Nothing in § 349, however, compels such a result, with § 349 conspicuously failing to mandate the automatic termination of a court's jurisdiction over all matters related to the dismissed case. *In re Carraher*, 971 F.2d 327, 328 (9th Cir.1992).

As a result, so long as there still exists an otherwise valid basis for a bankruptcy court's jurisdiction, matters related to the dismissed case may still be heard by the court despite the termination of the underlying case. *Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993). In fact, it has been recognized that retaining jurisdiction may be particularly appropriate in the type of action the Plaintiff has brought before the Court – where damages are sought pursuant to § 362(k) for a violation of the automatic stay. *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009). This is because such a proceeding still serves to compensate for losses that are not extinguished by the termination of the bankruptcy case and the proceeding can vindicate the authority of the statutory stay. *Id.*

Page 3

Martin A. Wcislak v. The Northern Ohio Investment Company
Case No. 11-3010

Yet, even assuming a valid jurisdictional basis exists, once a debtor's bankruptcy case has been dismissed, the exercise of jurisdiction by the court over a related matter is not mandatory. Instead, it is recognized that the decision of whether to exercise jurisdiction is left to the sound discretion of the bankruptcy court. *In re Porges*, 44 F.3d at 162; *In re Querner*, 7 F.3d at 1201-02. This discretion springs from § 349, itself, which begins by setting forth that "unless the court, for cause, orders otherwise . . . ."

In this matter, the Court declines to exercise jurisdiction for a couple of reasons. First, in order to sustain an award of damages under § 362(k), a debtor must show that they suffered an actual injury. *In re Russell*, — B.R. —, 2010 WL 5392879 *3 (Bankr. N.D.Ohio 2010), *citing Archer v. Macomb County Bank*, 853 F.2d 497, 500 (6th Cir. 1988). The Court, however, questions whether the Plaintiff can make this required showing.

In his Complaint, the Plaintiff cites to just one incident as giving rise to a stay violation: That "subsequent to filing their bankruptcy case and prior to defendant receiving relief from stay from the court, the debtors received communication from [the defendant], that mortgage loan [sic] had been accelerated." (Doc. No. 1, at pg. 2). While this communication potentially constitutes a stay violation, it appears to be nothing more than a technical violation. Consequently, it is difficult to discern how the Plaintiff could have sustained any economic damages on account of this single communication. This is particularly true considering that, alone, the acceleration of a mortgage obligation, when accomplished pursuant to the terms of the underlying note, does not necessarily constitute a stay violation. *In the Matter of LHD Realty Corporation*, 726 F.2d 327 (7th Cir.1984); *In re Policy Realty Corp.*, 242 B.R. 121 (S.D. N.Y. 1999); *Petroleum & Franchise Funding, LLC v. Dhaliwal*, 688 F. Supp. 2d 844 (E.D. Wis. 2010). *But see In re Davidson Lumber Co., Inc.*, 24 B.R. 49 (Bankr. S.D. Fla. 1982).

Page 4

Martin A. Wcislak v. The Northern Ohio Investment Company
Case No. 11-3010

The particular relief sought by the Plaintiff also raises a concern. It is a basic facet of bankruptcy law that § 362 was intended to be used only as a shield, protecting debtors and their estates; it was not intended to operate as a sword to be used by debtors for their monetary gain. *See, e.g.*, *In re Rivera*, 345 B.R. 229, 237 (Bankr. E.D.Cal. 2005). Yet, contrary to the function served by § 362(a), the Plaintiff in this matter clearly seeks to profit at the expense of the Defendant who likely committed no more than a technical violation of the stay. In his Complaint, the Plaintiff seeks actual damages totaling $141,600.00, representing the value of Defendant's mortgage, plus punitive damages. In essence, the Plaintiff is seeking a free house.

Even setting aside the above issues, a more fundamental concern lends itself to the conclusion that it would be improper for this Court to exercise jurisdiction over the Plaintiff's Complaint. In this Court's order dismissing the bankruptcy case of the Plaintiff and his wife, it was set forth that their case was dismissed under 11 U.S.C. § 109(g). In relevant part, this provision provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

Accordingly, the Plaintiff's underlying bankruptcy case was dismissed based upon his failure to abide by court orders and/or prosecute his case. This is consistent with the Trustee's Motion to Dismiss which was based, in part, upon the Plaintiff's inability to formulate a confirmable plan, delinquencies on payments as proposed under their plan, and failing to disclose and then retaining a tax refund.

Page 5

Martin A. Wcislak v. The Northern Ohio Investment Company
Case No. 11-3010

A dismissal under § 109(g), and its 180-day bar to refiling, serves to deny bankruptcy relief to debtors who have not fulfilled their duties under the Bankruptcy Code. Yet, now, the Plaintiff, despite his bankruptcy case having been dismissed for failing to comply with his obligations, seeks to invoke the jurisdiction of the Court to punish another entity based upon that entity's alleged failure to have followed its obligations under the Code. Under these conditions, the exercise of discretionary jurisdiction is particularly inappropriate.

In conclusion, the Court, for the reasons set forth herein, declines to exercise jurisdiction over the Complaint brought by the Plaintiff.

Accordingly, it is

**ORDERED** that this adversary proceeding, as brought by the Plaintiff, Martin A. Wcislak, be, and is hereby, Dismissed.

Dated: February 9, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 6

Certificate of Service

A copy of the foregoing Decision and Order has been sent this 9th day of February 2011 by ordinary US Mail to:

The Northern Ohio Investment Company
5700 Monroe Street
Suite 300a
Sylvania, OH 43560

Martin and Laura Wcislak
165 Birchcrest Drive
Perrysburg, OH 43551